*584 MEMORANDUM **
Plaintiff-Appellant Evelyn Harris appeals the district court’s grant of summary judgment to Defendants-Appellees Standard Insurance Company, et al. (Standard), in her ease alleging wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. §§ 1001-1461. Because the parties are already familiar with the facts, we do not present them here except as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court’s ruling.
Under the terms of the contract between Harris and Standard, Standard had discretionary authority sufficient to warrant abuse of discretion review. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 965 (9th Cir.2006) (en banc). Any procedural violations Standard may have committed do not amount to the “wholesale and flagrant violations” required for de novo review. See id. at 971. Therefore, the district court correctly reviewed Standard’s decision for an abuse of discretion.
However, Standard did commit procedural violations by including new explanations for its denial of benefits in the “interim” denial letter of September 24, 2003, without giving Harris an opportunity to then submit additional evidence relevant to those explanations. See Saffon v. Wells Fargo & Co., 522 F.3d 863, 871 (9th Cir.2008) (holding final denial letter’s reliance on the lack of evidence that the insurance company had not identified as necessary to successful disposition of the claim was a procedural violation denying claimant full and fair review); Abatie, 458 F.3d at 974 (holding “when an administrator tacks on a new reason for denying benefits in a final decision, thereby precluding the plan participant from responding to that rationale for denial at the administrative level” the administrator denies full and fair review). Accordingly, the district court should have weighed the violations as a factor in determining the level of skepticism to apply and considered Harris’s additional evidence. See id. at 972-73 (holding procedural violations in processing a claim may require a more skeptical review and also may require the court to consider evidence outside the administrative record).
Nonetheless, we affirm because even viewing Standard’s decision more skeptically and considering Harris’ newly submitted evidence, Standard did not abuse its discretion in denying her claim. Harris submitted no contemporaneous medical evidence of her inability to work for the entirety of the relevant six-month disability waiting period. In fact, she reported to her physician that she felt “100% better ... better than she has felt in years,” in the fifth month of the relevant period. Standard did not abuse its discretion in crediting the evidence presented by her physician over evidence Harris presented of her disability.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.